Memorandum. Plaintiff and plaintiff-intervenor entered into certain contracts with the Department of Environmental Control of Suffolk County for the installation of sewer lines for the Suffolk County Southwest Sewer District No. 3 in areas within the Town of Babylon, some lines to be laid in the beds of town highways. Since ordinances of said town provide for the manner of obtaining approval for street openings, these plaintiffs seek to have those provisions declared inoperative in relation to the work to be performed by them under the agreements with said county department.
Under the specifications and information for biddérs, which form parts of the contracts, plaintiffs expressly agreed that "all applicable federal, state and municipal laws, ordinances, rules and regulations and codes of all authorities having jurisdiction over construction work in the locality of the project shall apply to the Contract throughout,” that the contractor "shall familiarize himself with the procedure in securing * * * permits or licenses and approvals as are necessary, accept full responsibility for obtaining the same, and complying with the stipulations contained therein,” that "[i]n the execution of the Contract, the Contractor shall observe and obey all federal, state, county and local laws, ordinances, codes and regulations relating to the performance of the Contract,” and that "[a]ll pavement replacement on Municipal, State or County Highways shall be executed in full accordance with the specifications prescribed by the Municipal, State or County Highway Departments.” Since plaintiffs adopted defendant’s ordinances into the contract, they may not now contend that they are not bound by such ordinances. No such engagements appear to have been made in County of Westchester v Village of Mamaroneck (22 AD2d 143, affd 16 NY2d 940), cited by the Appellate Division.
The order should be reversed and the case remitted to the Appellate Division, Second Department, for a review of the facts.
*901 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.